UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CR-80076-ROSENBERG/REINHART

**UNITED STATES OF AMERICA**,

v.

**ANTWAIN JAMAR WILLIAMS**,

    Defendant.
_____/

## ORDER AFFIRMING PRETRIAL DETENTION ORDER

This cause is before the Court on Defendant William's Appeal of Magistrate Judge Brannon's Pretrial Detention Order. DE 82. The Court has reviewed Magistrate Judge Brannon's Pretrial Detention Order, DE 64; the Appeal, DE 82; the transcripts of the two-day detention hearing; and the Pretrial Services Report. For the reasons set forth below, the Court affirms Magistrate Judge Brannon's Order detaining Defendant Williams prior to trial.

**I.    BACKGROUND**

The Superseding Indictment charges Defendant Williams with two counts: one count of conspiracy to possess with intent to distribute a controlled substance, heroin, (Count 1) and one count of possession with intent to distribute a controlled substance, heroin (Count 8). DE 5. If convicted of Count 1, Defendant Williams faces 5 to 40 years in prison; if convicted of Count 8, Defendant Williams faces 0 to 20 years in prison. DE 64 at 1.

Magistrate Judge Brannon held a Detention Hearing on April 25 and 26, 2018. At the hearing, the Government proffered that Defendant Williams was identified through a wiretap engaging in drug trafficking activities, that law enforcement seized heroin from Defendant Williams and his vehicle, and that Defendant Williams later admitted that the substance of the

wire-tapped phone conversations in which he was engaged involved dealing heroin. Apr. 25, 2018 Hr'g Tr. at 4–6, 11.

Defendant Williams proffered that he is a lifelong resident of Palm Beach County, that he has a job as a computer technician at the Palm Beach International Airport, and that he has no U.S. passport and has never traveled out of the country. *Id.* at 12–13. He also proffered that he has never been convicted of a felony. *Id.* at 13. Several of Defendant Williams's family members came to the hearing and Defendant Williams's father, Kendrick Williams, offered his $200,000 home as collateral on a bond for his son. *Id.* at 15.

At the hearing, Judge Brannon expressed concern about Defendant Williams's previous failures to appear and his record of drug dealing and carrying a concealed firearm. *Id.* at 16. Judge Brannon continued the hearing. During the second day of the hearing, the Government noted that Defendant Williams "was convicted of several counts of drug paraphernalia which were downgraded for more serious offenses. There was also carrying a concealed weapon charge. . . . I was provided a copy of the probable cause affidavits that underlie those matters, and I would submit to the Court that the allegations that underlie those matters are significant and are relevant for purposes of the Court evaluating the defendant's personal history." Apr. 26, 2018 Hr'g Tr. at 8.

Ultimately, the Court found that, after weighing the factors under 18 U.S.C. § 3142, Defendant Williams was not a flight risk; however, the Court found that he is a danger to the community and that there is no condition or combinations of condition that will reasonably assure the community's safety. DE 64 at 2–3. Defendant Williams has now appealed Judge Brannon's Order to this Court, arguing that there is a reasonable combination of conditions that
2

will assure the Court that he will appear when directed and that he poses no danger to the community. DE 82.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3142, a judge can order the detention of a person prior to trial if the judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The Bail Reform Act "provides a rebuttable presumption of risk of flight or danger to the community when a defendant has been indicted for certain crimes." *United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990). One of those crimes is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act." 18 U.S.C. § 3142 (f)(1)(C).

"Pursuant to 18 U.S.C. § 3145, following a magistrate's order that a detainee be held without bond pending trial, the detainee may move the district court to revoke or amend the magistrate's pretrial detention order." *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). The District Court is required to conduct an independent review. *Id.* "[W]hen a motion to revoke or amend a pretrial detention order attacks only the magistrate's legal conclusion that pretrial detention is necessary, and no factual issues remain unresolved, the district court need not enter findings of fact when adopting the magistrate's pretrial detention order." *Id.*

## III. ANALYSIS

Defendant Williams challenges Judge Brannon's legal determination that there is no reasonable combination of conditions that will reasonably assure the community's safety from Defendant Williams. DE 82 at 3. The Court has conducted an independent review of the case and

agrees with Judge Brannon's determination that there is no reasonable combination of conditions that could be imposed on Defendant Williams to assure the community's safety.

## IV. CONCLUSION

Accordingly, the Court affirms Judge Brannon's Order that Defendant Williams remain detained prior to trial.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this 11th day of May, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF